**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILLY GABRIEL MONTOYA-GARCIA, | No.    18-72712 |
| Petitioner, | Agency No. A208-289-221 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2020
San Francisco, California

Before:  BOGGS,** M. SMITH, and BENNETT, Circuit Judges.

Billy Gabriel Montoya-Garcia, a native and citizen of El Salvador, seeks

review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal

from the immigration judge's (IJ) denial of his applications for asylum, withholding

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of removal, and CAT protection.  We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

The IJ's decision and the BIA's affirmance were due to an adverse credibility finding based on omissions and inconsistencies in Montoya-Garcia's testimony. Montoya-Garcia omitted from his application and affidavit (1) that his classmates physically harmed him on account of his sexual orientation; (2) that his father physically abused him more than twenty times on account of his sexual orientation; and (3) that gangs extorted him for more money than other business owners on account of his sexual orientation.  His testimony was also inconsistent with his statements to a Border Patrol agent: he stated he came to the United States to "live and work in Las Vegas," not to flee persecution.  The BIA also found that Montoya-Garcia's corroborating evidence did not independently and reliably prove his claim of persecution and that the totality of the record evidence did not credibly establish a valid CAT claim.

In making an adverse credibility determination, an IJ must consider "the totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii).  The BIA reviews that determination for clear error.  8 C.F.R. 1003.1(d)(3)(i).  We review the BIA's decision for substantial evidence, and factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted).  "This Court's

review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Popova v. INS*, 273 F.3d 1251, 1257 (9th Cir. 2001) (quotation marks and citation omitted). Here, the BIA expressly limited its decision to the IJ's adverse credibility determination.[1] Therefore, our review will be limited to the adverse credibility determination as well. Where the BIA expresses no disagreement with the IJ's decision, but instead cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), as the BIA did here, we review the IJ's decision as though it were the decision of the BIA. *Figueroa v. Mukasey*, 543 F.3d 487, 491 (9th Cir. 2008).

The REAL ID Act explicitly establishes "internal consistency" and "consistency . . . with other evidence of record" as proper bases for an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). "[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination," *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011), especially "when aggregated or when viewed in light of the total circumstances," *Shrestha v. Holder*, 590 F.3d 1034, 1043 n.4 (9th Cir. 2010). We disagree with Montoya-Garcia's position that his statement to border patrol was not an inconsistency. The Border Patrol question was: "Why did you leave your home

---

[1] The IJ had also found that even if Montoya-Garcia's testimony were credible, he would have failed to prove past persecution, a well-founded fear of future persecution, or a clear probability of torture by, or with the acquiescence of, an official of the government of El Salvador.

3

country or country of last residence?" The IJ, and the BIA, reasonably determined that the "to work and live in Las Vegas" response was inconsistent with Montoya-Garcia's testimony that he came to the United States because he was "fleeing from threats from [his] country." We are certainly not compelled to conclude to the contrary.

Furthermore, although Montoya-Garcia is correct that he was entitled to an opportunity to explain any inconsistencies before the IJ relied on them in making his adverse credibility determination, *see Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009), Montoya-Garcia did have that opportunity. For example, he was asked, "[W]hy didn't you tell the Immigration official that you were fleeing El Salvador because of your sexual orientation? . . . When they asked what your purpose was for coming to the United States, you said [you were] going to live and work in Las Vegas, Nevada." The IJ was not required to accept Montoya-Garcia's answer to this question, even if it was plausible. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

This court has also "recognized that an omission may form the basis for an adverse credibility finding." *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014). This is especially the case where, as here, the previously omitted details "tell a much different—and more compelling—story of persecution" than before. *Zamanov*, 649 F.3d at 974. We thus conclude that the IJ properly considered omissions and

4

inconsistencies in Montoya-Garcia's testimony in reaching his adverse credibility determination and determining that Montoya-Garcia failed to establish persecution, a necessary element for his asylum and withholding of removal claims. We also agree with the BIA that the lack of credible testimony was not rehabilitated by appropriate corroborating evidence.[2] Finally, given the adverse credibility finding, we agree that the totality of the record evidence did not credibly establish that Montoya-Garcia faces a clear probability of torture in El Salvador by or at the instigation of or with the consent or acquiescence of a public official or other persons acting in an official capacity, a necessary component of his CAT claim. *See* 8 C.F.R. §§ 1208.16(c), 1208.18.

Petition **DENIED.**

---

[2] We agree with the BIA that the corroborative evidence that Montoya-Garcia submitted—unsworn, unnotarized letters and one witness with no first-hand knowledge of Montoya-Garcia's experience in El Salvador—is not enough to rehabilitate his application. *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application.").